UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
EVER GARCIA,                                    Civil Action No.

                        Plaintiff,

   -against-

CRON, LLC d/b/a MAMA ANGELINA'S
and RACHED NODDAF,

                        Defendants.
-------------------------------------------------------------------X

## COMPLAINT

Plaintiff, EVER GARCIA ("Plaintiff"), as and for his Complaint against Defendants, CRON, LLC d/b/a MAMA ANGELINA'S ("Mama Angelina's") and RACHED NODDAF ("Noddaf," collectively "Defendants"), respectfully alleges as follows:

## JURISDICTION AND VENUE

1. Plaintiff brings this action under the Fair Labor Standards Act (hereinafter the "FLSA"), 29 U.S.C. §§ 201 et seq., the New York Labor Articles 6 and 19, and the New York Codes, Rules, and Regulations 142-2.2 (hereinafter the "New York Labor Articles") to recover unpaid overtime compensation and for other relief.

2. Jurisdiction over Plaintiff's FLSA claims is based upon Section 216(b) of the FLSA, 29 U.S.C. § 216(b), and upon 28 U.S.C. § 1331.

3. The Court has supplemental jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. §1367(a) because these claims are so related to the FLSA claims that they form part of the same case or controversy.

4. Venue in this district is appropriate under 28 U.S.C. §1391(b)(2) because a substantial part of the events giving rise to these claims occurred in this judicial district.

1

## PARTIES

5. Plaintiff was employed by Defendants as a cook from on or about October 26, 2015 until on or about April 22, 2017.

6. Upon information and belief, Defendant Mama Angelina's, is a domestic limited liability company duly organized and existing under and by virtue of the laws of the State of New York.

7. Defendant Mama Angelina's owns and operates a restaurant located at 1251 Veterans Highway, Hauppauge, New York.

8. Upon information and belief, Defendant Noddaf is a resident of the State of New York.

9. Upon information and belief, at all relevant times, Defendant Noddaf was and still is a member of Defendant Mama Angelina's. Upon information and belief, at all times relevant, Defendant Noddaf exercised operational control over Defendant Mama Angelina's, controlled significant business functions of Defendant Mama Angelina's, determined employee salaries, made hiring decisions, and acted on behalf of and in the interest of Defendant Mama Angelina's in devising, directing, implementing, and supervising the wage and hour practices and policies relating to the employees. As such, at all relevant times, Defendant Noddaf has been an employer under the FLSA and the New York Wage and Hour Law.

## FACTS

10. At all times relevant to this action, Plaintiff was employed as a cook for the benefit of and at the direction of Defendants at their restaurant located at 1251 Veterans Highway, Hauppauge, New York.

11. Plaintiff's responsibilities included preparing salads and sauces, mixing pizza dough, and chopping ingredients.

12. From on or about October 26, 2015 until on or about November 23, 2015, Plaintiff worked six days per week, Tuesday through Sunday, from 10:00 a.m. until 10:00 p.m.

13. During this time, Plaintiff worked seventy-two (72) hours per week.

14. From on or about November 24, 2015 until on or about August 31, 2016, Plaintiff worked seven days per week, Sunday through Saturday, from 8:00 a.m. until 11:00 p.m.

15. During this time, Plaintiff worked one-hundred five (105) hours per week.

16. From on or about September 1, 2016 until on or about April 22, 2017, Plaintiff worked six days per week, Tuesday through Sunday, from 10:00 a.m. until 10:00 p.m.

17. During this time, Plaintiff worked seventy-two (72) hours per week.

18. During his employment, Plaintiff did not receive and did not take any uninterrupted meal breaks of more than 15 minutes.

19. During his employment, Defendants paid Plaintiff by the hour.

20. During his employment, Defendants paid Plaintiff in cash on a weekly basis.

21. During his employment, Plaintiff signed in and out of his shifts.

22. During his employment, Defendants did not pay Plaintiff overtime compensation.

23. During his employment, Defendants did not pay Plaintiff one and a half times his regular rate of pay when he worked more than 40 hours each week.

24. During his employment, Defendants only paid Plaintiff straight time for all hours that he worked.

25. During his employment, Defendants failed to provide Plaintiff with wage notices as required by NYLL § 195(1).

26. During his employment, Defendants failed to provide Plaintiff with accurate wage statements as required by NYLL § 195(3).

27. During his employment, Defendants failed to provide Plaintiff with accurate weekly paystubs as required by NYLL section 195(3).

28. Defendants did not give Plaintiff a cash receipt or a paystub during any week of his employment.

29. Defendants managed Plaintiff's employment, including the amount of overtime worked.

30. Defendants dictated, controlled, and ratified the wage and hour and all related employee compensation policies.

31. Defendants were aware of Plaintiff's work hours, but failed to pay Plaintiff the full amount of wages to which he was entitled for this work time under the law.

32. Defendants' failure to pay proper wages in a timely manner has been made without good faith, willfully, and with a reckless disregard for Plaintiff's rights; and Plaintiff has been damaged by such failures.

33. Defendant Noddaf participated in the decision to hire Plaintiff.

34. Defendant Noddaf participated in the daily supervision of Plaintiff's duties.

35. Defendant Noddaf participated in setting Plaintiff's work schedule.

36. Defendant Noddaf participated in deciding the manner in which Plaintiff was paid during his employment.

37. Defendant Noddaf participated in running the day-to-day operations of Defendant Mama Angelina's during Plaintiff's employment.

38. Defendant Noddaf participated in deciding the hours that Plaintiff worked each week during his employment.

39. Defendant Noddaf participated in deciding the job duties that Plaintiff performed on a daily basis during his employment.

## COUNT I
### VIOLATION OF THE FAIR LABOR STANDARDS ACT
### 29 U.S.C. § 201 *ET SEQ.*
### FAILURE TO COMPENSATE FOR OVERTIME

40. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

41. The FLSA regulates the payment of wages by employers whose employees are "engaged in commerce or engaged in the production of goods for commerce, or are employed in an enterprise engaged in commerce or in the production of goods for commerce." 29 U.S.C. § 207(a)(1).

42. The corporate Defendant was and is subject to the overtime pay requirements of the FLSA because said Defendant is an enterprise engaged in commerce or in the production of goods for commerce.

43. At all times relevant to this Complaint, the corporate Defendant has, and continues to have, two or more employees handle goods or materials that have moved in interstate commerce, including the Plaintiff who was employed as a cook.

44. Upon information and belief, the gross annual volume of sales made or business done by corporate Defendant for the year 2016, 2015, and 2014 was not less than $500,000.00.

45. At all times relevant to this action, Plaintiff was entitled to the rights, benefits, and protections granted by the FLSA, 29 U.S.C. § 207, *et seq*.

46. Section 207(a)(1) of the FLSA states that an employee must be paid overtime, equal to at least one and one half times the employee's regular rate of pay, for all hours worked in excess of 40 per week.

47. By the above-alleged conduct, Defendants have violated the FLSA by failing to pay Plaintiff overtime compensation as required by the FLSA.

48. Section 13 of the FLSA, 29 U.S.C. § 213, exempts certain categories of employees from the overtime compensation requirements set forth in Section 207(a)(1) of the FLSA.

49. However, none of the Section 13 exemptions apply to Plaintiff because he has not met the requirements for coverage under the exemptions.

50. Defendants have acted willfully and have either known that their conduct violated the FLSA or have shown reckless disregard for the matter of whether their conduct violated the FLSA.

51. Defendants have not acted in good faith with respect to the conduct alleged herein.

52. As a result of Defendants' violations of the FLSA, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to 29 U.S.C. § 216(b).

**COUNT II**
**VIOLATION OF THE NEW YORK LABOR LAW**
**ARTICLE 6 AND 19**
**FAILURE TO COMPENSATE FOR OVERTIME**

53. Plaintiff reasserts and realleges the allegations set forth in each of the above paragraphs as though fully set forth herein.

54. At all times relevant to this Action, Plaintiff was employed by Defendants within the meaning of New York Labor Law §§ 2 and 651.

55. Under New York law, an employee must be paid overtime, equal to one and one-half times the employee's regular rate of pay, for all hours worked in excess of 40 per week in the manner and methods provided by the FLSA. 12 NYCRR § 142-2.2.

56. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation as required by the New York Labor Articles.

57. By the above-alleged conduct, Defendants failed to pay Plaintiff overtime compensation for the time periods in which he worked in excess of forty hours a week for Defendants.

58. Plaintiff is not exempt from the overtime provisions of the New York Labor Articles, because he has not met the requirements for any of the reduced number of exemptions available under New York law.

59. Defendants have acted willfully and have either known that their conduct violated the New York Labor Articles or have shown a reckless disregard for the matter of whether their conduct violated the New York Labor Articles. Defendants have not acted in good faith with respect to the conduct alleged herein.

60. As a result of Defendants' violations of the NYLL, Plaintiff has incurred harm and loss in an amount to be determined at trial, along with liquidated damages, attorneys' fees and costs of litigation, pursuant to the NYLL.

## COUNT III
## NYLL SECTION 195(1)
## FAILURE TO PROVIDE WAGE NOTICES

61. Defendants willfully failed to furnish Plaintiff with wage notices during his employment, including the dates of his hiring, as required by NYLL § 195(1), in English or in

7

the language identified by Plaintiff as his primary language, which were to contain, among other things, Plaintiff's rate or rates of pay and basis thereof; the regular pay day designated by Defendants as employers in accordance with NYLL § 191; the name of the employer; any "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; the telephone number of the employer; and Plaintiff's regular hourly rates of pay and overtime rates of pay.

62. Through their knowing and intentional failure to provide Plaintiff with the wage notices required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

63. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees provided by NYLL § 198(1-b).

## COUNT IV
## NYLL SECTION 195(3)
## FAILURE TO PROVIDE WAGE STATEMENTS

64. Defendants willfully failed to provide Plaintiff written wage statements with his wages each week as required by NYLL § 195(3), which were to include, among other things, the dates of work covered by each payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof; deductions; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; and the number of regular hours worked and the number of overtime hours worked.

65. Through their knowing and intentional failure to provide Plaintiff with wage statements required by the NYLL, Defendants have willfully violated NYLL §§ 190 *et seq.* and the supporting New York Labor Articles.

66. Due to Defendants' willful violations of the NYLL, Plaintiff is entitled to recover statutory penalties, together with costs and attorneys' fees as provided by NYLL § 198(1-d).

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff, by and through his attorneys, Neil H. Greenberg & Associates, P.C., demand judgment against Defendants, jointly and severally and in favor of Plaintiff, for a sum that will properly, adequately, and completely compensate Plaintiff for the nature, extent, and duration of the damages, costs of this action, and as follows:

- A. Declare and find that the Defendants committed one or more of the following acts:
    1. Violated provisions of the FLSA by failing to pay overtime wages to Plaintiff;
    2. Willfully violated overtime provisions of the FLSA;
    3. Violated the provisions of the NYLL by failing to pay overtime wages to Plaintiff;
    4. Willfully violated the applicable provisions of the NYLL.
    5. Violated the provisions of the NYLL by failing to provide Plaintiff with wage notices and wage statements;
- B. Award compensatory damages, including all overtime compensation owed, in an amount according to proof;
- C. Award interest on all NYLL overtime compensation and other compensation due accruing from the date such amounts were due;
- D. Award all costs, attorney's fees incurred in prosecuting this action, liquidated damages under the FLSA and/or the NYLL, and statutory penalties under the NYLL; and

[THIS SPACE INTENTIONALLY LEFT BLANK]

E. Provide such further relief as the Court deems just and equitable.

Dated: Massapequa, New York
June 16, 2017

_____
Neil H. Greenberg, Esq.
Neil H. Greenberg & Associates, P.C.
*Attorneys for the Plaintiff*
4242 Merrick Road
Massapequa, New York 11758
Tel: 516.228.5100
Fax: 516.228.5106
nhglaw@nhglaw.com

# FAIR LABOR STANDARDS ACT - CONSENTIMIENTO/CONSENT FORM

Doy mi consentimiento para ser parte demandante en una demanda contra CRON, LLC. y Rached Naddaf y / o entidades e individuos relacionados con el fin de obtener reparación por violaciones de la Fair Labor Standards Act, (*Ley de las Normas Laborales Justas*) de conformidad con 29 U.S.C. § 216 (b). Por la presente yo designo Neil H. Greenberg & Associates, P.C. para representarme en tal demanda.

I, consent to be a party plaintiff in a lawsuit against CRON, LLC. y Rached and/or related entities and individuals in order to seek redress for violations of the Fair Labor Standards Act, pursuant to 29 U.S.C. § 216 (b). I hereby designate Neil H. Greenberg & Associates, P.C. to represent me in such a lawsuit.

*Ever Garcia*
Firma (Signature)